IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAMELA GRACE HOWELL,

    Plaintiff,

v.                                                                      CASE NO. 4:13-cv-510-WS-GRJ

BUREAU OF THE PUBLIC
DEPT. TREASURY SPECIALIST,

    Defendant.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint form pursuant to 42 U.S.C. § 1331 and seeks leave to proceed as a pauper. Docs. 1, 2. The Court concludes that leave to proceed as a pauper should be granted.

Although Plaintiff has filed a civil rights complaint form, a review of the form and attachments reflects that she is not seeking to pursue a lawsuit. Rather, Plaintiff is attempting to locate U.S. Savings Bonds that belonged to her mother but have been lost. The attachments reflect that Plaintiff intends to file a claim for lost, stolen, or destroyed U.S. Savings Bonds with the Department of Treasury. Plaintiff attaches correspondence from a Treasury customer service specialist advising Plaintiff that her signature on the claim form (a copy of which is attached to the Complaint) needs to be certified by an "authorized certifying individual" such as an authorized employee of a bank or credit union. On the Complaint form, Plaintiff states that she needs a "special signature from a bank, credit union, or judge," and requests the Court's assistance in certifying her signature. Doc. 1.

There are no factual allegations in the Complaint that provide any basis for

invoking federal jurisdiction, and it is apparent that Plaintiff does not intend to invoke the Court's adjudicatory authority but seeks clerical assistance in certifying her signature. Under these circumstances, the undersigned concludes that amendment of the Complaint would be futile as the facts suggest no basis for the exercise of federal jurisdiction. The Court is unable to provide Plaintiff with any clerical assistance regarding her claim for lost savings bonds.

In light of the foregoing, it is **ORDERED** that Plaintiff's motion to proceed as a pauper is **GRANTED**. It is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Gainesville, Florida, this 28th day of October 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**